UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

11 CIV. 5647

RECEIVED
SDNY PRO SE OFFI

2011 AUG -3 PM 4:0

------------------------------------

DONNELL BAINES,

                    Plaintiff,

              v.

THE CITY OF NEW YORK; DETECTIVE
MICHAEL TURCK; AN UNKNOWN
AMOUNT OF JOHN DOE OFFICERS FROM
THE NEW YORK CITY POLICE DEPARTMENT;
ASSISTANT DISTRICT ATTORNEY,
KAREN CHERRINGTON,

                    Defendants.

------------------------------------

**VERIFIED COMPLAINT**
42 U.S.C. § 1983
Jury Trial Demanded

## JURISDICTION AND VENUE

1) This is a Civil Action authorized by 42 U.S.C. § 1983, to redress the deprivation, under color of law, of rights secured by the Constitution of the United States. This Court has jurisdiction under 28 U.S.C. § 1331 and § 1343 (A)(3); the Southern District of New York is the appropriate and supplement jurisdiction under 28 U.S.C. § 1367.

2) This Civil Action is brought for the redress of an unlawful search and seizure which occurred inside the Plaintiff's home, based on a warrant that was impermissably broad, and, which also lacked probable cause for the items therein.

3) **DONNELL BAINES**, at all times relevant to this Complaint is the Plaintiff in the above encaptioned matter, and is a resident of the United States of America.

4) The **City of New York** is a municipal corporation organized under the laws of the State of New York, and, Plaintiff respectfully refers the Court to the New York City Charter and the Administrative Code, for a recitation of the relationship

- 1 -

between Defendant **City** and the New York City Police Department (N.Y.P.D.), at all times relevant to the Complaint, they are municipal government Defendants.

5) Defendant, **Detective Michael Turck**, Shield # 3815, of the District Attorney of New York's Detective Squad, New York City Police Department, at all times relevant and mentioned herein, violated the Civil Rights of the Plaintiff, under color of State law. 42 USC § 1983

6) Defendant, **an unknown amount of John Doe officers from the New York City Police Department**, at all times relevant and mentioned herein, violated the Civil Rights of the Plaintiff, under color of State law. 42 USC § 1983

7) Defendant, **Assistant District Attorney, Karen Cherrington**, of the New York City District Attorney's Office, at all times relevant and mentioned herein, violated the Civil Rights of the Plaintiff, under color of State law. 42 USC § 1983

## FACTS OF THE CASE

8) On July 15, 2010, at or about 11 a.m., Plaintiff was arrested, without probable cause, and custodially interrogated, based upon a Felony Complaint alleging Kidnapping in the Second Degree.

9) On the same day (July 15, 2010), Defendant, **Detective Michael Turck** filed an Affidavit in Support of a Search Warrant to search the Plaintiff's home, which is located: 1475 Second Avenue, Apartment 5-H, New York, New York ("the target premises").

10) the Affidavit cited and alleged **a single offense/charge** upon which the requested warrant was based (Kidnapping 2°). However, a major portion of the Plaintiff's property listed in the Affidavit, searched for, and seized, were not contraband, not evidence toward the crime alleged of Kidnapping 2°, and were not supported by probable cause.

11) The Affidavit also requested the search and seizure of certain property of the Plaintiff's in an **impermissably broad** manner, **lacking particularity**, and allowing the officers executing the warrant to exercise their own discretion.

12) Defendant Turck's Affidavit in Support of Search warrant, grouped together alleged evidence of a crime, with lawfully possessed property of the Plaintiff's, in a deliberately- or recklessly-misleading nature.

13) The Affidavit was then reviewed and approved by Defendant, **District Attorney, Karen Cherrington**, who knowingly approved of this violation of Plaintiff's rights by **Detective Turck** via the placement of her signature on the back of the Affidavit on a line entitled "Approved."

14) the Affidavit was then brought before the Honorable Judge, Abraham L. Cott, and sworn to before him, recorded by Official Court Reporter, Mary M. Burrofato on July 15, 2010.

15) Shortly thereafter, on the same day of the issuance of this **impermissibly broad** search warrant, Defendant **Michael Turck** and Defendants an **unknown amount of John Doe Officers**

from the **New York City Police Department**, went to the Plaintiff's home ("target premises") and executed this warrant, seizing supposed evidence, as well as seizing Plaintiff's lawfully possessed property, denying Plaintiff this property without due process of law.

17) Plaintiff had a legal right to this property, and any reasonably well-trained officer in these defendant officer's position would have known that this warrant did not possess the requisite probable cause for the items listed therein.

18) The affidavit for this arrest warrant was so lacking in indicia of probable cause that none of these Defendants can claim they acted reasonably by seeking the warrant merely because a nuetral Magistrate, (**Hon. Judge Clott**) signed and approved the application.

19) As a direct and proximate result of the acts and ommissions of the Defendants, Plaintiff has suffered a violation of his 4th, 5th, and 14th, amendment Constitutional rights, as well as a whole host of other rights and priviledges, as well as, Defendants causing him emotional distress, pain and suffering, loss of job opportunities, injury to reputation, loss of property and other, at this time unamed, injuries.

- 4 -

VIOLATION OF CONSTITUTIONAL RIGHTS

PURSUANT TO 42 U.S.C. 1983

20) **Plantiff** incorporates herein by reference the allegations contained in paragraphs 1 through 19.

21) The misleading nature of the affidavit submitted by **Defendant Michael Turk** in support of the serch warramt constitutes a 4th amendment violation of the **Plantiff's** rights as it was either delibrately, and/orrecklessly misleading, and/or overbroad.

22) **Defendant Detective Turk**, is believed to be a reasonably well-trained officer.

23) **Defendants, An Unknown Amount of John Doe Officers from the New York City Police Department**, should have known that this search was excessive, despite the magistrates authorization.

24) The warrant was impermissibly broad on it's face, thus constituting a 4th amendment violation that these officers should have known.

25) **Defendant's An Unknown Amount of John doe officers**, are all believed to be reasonably well-trained officers

26) **Defendant, Karen Cherrington**, as an assisstant district a attorney, is believed to be reasonably well trained in the law, acted with total disreguard for the truth by personally directing and/or supervising, and/or causing, and/or allowing the violation of the **Plantiff's** constitutional rights.

-5-

27) Defendant, Karen Cherrington, in her supervisory/advisory role over defendant officers , detective Turk, and an unknown amount of John Doe officers from the N.Y.P.D., violated Plantiff' 4th amendments rights by personally participating in, and the advising of, the request for an impermissibly broad and invalid search warrant.

28) A causal connection can also be established by the fact that defendant Karen Cherrington signed, and approved of, the affidavit wich allowed for these constitutional violations to to take place.

29) The signing of this affidavit further supports the inference that defendant Karen Cherrington either directed the subordinate defendants to act unlawfully, or, defendant Cherrington knew that the subordinate defendants were going to act unlawfully and Cherrington failed to stop them from doing so.

30) Defendant Cherrington's personal direction and causing of, the execution of an invalid and illegal search, clearly shows a host of severe malice, diliberate recklessness, and an utter disreguard for the truth and the law.

31) This recklessness and such can and is also cleary shown by both defendants Cherrington and Turk's use of an invalid warrant to conduct what easily amounts to a "fishing expedition" and a knowingly violative search and seizure of Plantiff's property.

32) Property, which is "other" than described in the warrant, or supported by probable cause, and "NOT" relevant to the offense alledge therein.

- 5 -

33) At all times mentioned herein, **defendant Cherrington** was acting outside the scope of her authority, when **defendant "persued","reviewed", and "approved"** a facially invalid search warrant affidavit, which was specifically crafted to remove the **Plantiff's** constitutional rights.

34) **Defendant Cherrington**'s overt acts of either **"persuing" "reviewing", or "approving"** of this invalid affidavit in support of this search warrant, in and of themselves infers that defendant was either acting in an administrative, and/or, investigative, and/or advisory capacity when the violations to the **plantiff's** rights had occured, or, was acting in advisory/administrative capacity to **defendant Turck**, when the violations to Plantiff'e rights occured.

35) **Defendant Cherrington** should not be afforded the shield of absolute immunity, due to her causal connection to the violations , the advisory/administrative/investigative capacity she was acting in when the violations were committed, and her personal approval of, personal advice in/to, personal direction of/to,and personal cause of, the execution of a facially invalid search warrant, which violated **Plantiff's** constitutional rights.

36) There is a constitutional requirement that a search warrant not issue but upon probable cause for every item described in the warrant.

- 7 -

37) Defendants, city of New York, Detective Michael Turck, an Unknown Amount of John Doe Officers, and Assisstant Distsict attorney Karen Cherrington are liable for the violations of the Plantiff's constitutional rights.

38)Defendant City is liable for tolerating such flagrant abuses and misconduct in an official and/or personal capacity.

39) This policy and practice by defendant city and defendant Cherrington encouraged and caused the constitutional violations the Plantiff suffered at the hands  of these defendant officers.

40) Including but not limited to the violations of plantiff's privacy, plantiff's home, and plantiff's property.

41) This policy and practice of defendant City and defendant Cherrington also caused an illegal seizure of plantiff's property and the "rumaging through" of Plantiff's personal papers and private belongings with a hidden premise and ulterior motives

42) Defendant City and defendant Cherrington acted with negligence  by failing to adequately and thoroughly train, direct supervise, and control the defendants Michael Turck, and an unkmnown amount of John Doe officers, so as to prevent these violations of Plantiff's 4th, 5th, and 14th amendment rights.

43) All **defendants** named herein, violated rights, priviledges, and immunities under the constitutional laws of the **United States of America**, and the **State of New York** and subdivisions thereof.

44) **Defendant Michael Turck**, and **an unknown amount of John Doe officers from the N.Y.P.D** should not be afforded any qualified immunity due to thier reckless disreguard for the law in executing what they should have reasonably known to be a facially invalid warrant.

45) **Defendant Michael Turck**, should have known that he surpassed the scope of his warrant by including lawfully possessed items in the affidavit along with supposed evidence of the alledged crime.

46) **Defendant Turck** acted in a reckless manner, deliberately disreguarding the truth and violating **Plantiff's** rights, by misleading the magistrate (**Hon. Judge Clott**) with what he should have known to be incorrect information in the affidavit for search warrant.

47) **Defendant Turck's** misleading affidavit was then reviewed by **Defendant Cherrington**, who should have known that this affidavit was misleading and lacking in probable cause for the large majority of its requested items, however, defendant **Cherrington** acting in an advisory/administrative capacity allowed what any reasonable person would have known as a violation of **Plantiff's** rights to occur.

48) Defendant Cherrington not only gave her approval by signature but she also allowed what violations that happened to take place.

49) **Defendant's, an unknown amount of John Doe officers from the N.Y.P.D.** should have known that the warrant they were executing was invalid due to its broad scope and lack of particularity

50) However, **defendants, an unknown amount of john Doe police officers from the N.Y.P.D.** along with **defendant Turck,** executed this impermissibly broad warrant with knowing disreguard for the law.

51) At all times relevant to the acts alleged in this complaint the duties andfunctions of **all** the **defendants** herein were to observe the Constitution of the United States, laws of the State of New York, and subdivisions thereof.

52) **Defendant officers** as well as **defendant  Cherrington,** are all believed to be reasonably well-trained, did not act reasonably in the lawfull  use and proper excercise of thier discretion and thus are not entitled to or protected byabsolute immunity or qualified immunity under 42 U.S.C. 1983.

53) At all times mentioned herein **defendants** violated clearly established  Constitutional and statutory rights of the **Plantiff** of wich a reasonably well-trained officer, or even a reasonable person would have known. 42 U.S.C. 1983.

54) All injuries sustained, resulted from the **defendants** own culpable, deliberate conduct, and malice, and was a proximate result of the acts of **defendant city, Michael Turck, an unknown amount of John Doe officers, and Karen Cherrington.**

55) **Plantiff's** claims are not barred by doctrines of res Judicata or collateral estopple No other statute of limitations, absolute immunity or qualified immunity are applicable to any of these defendants in the above encaptioned matter due to thier acts, ommissions and intent as well as capacity alleged in this complaint.

56) **Defendants** provoked and initiated all proceedings against the **Plantiff** as well as the entire incident leading up to, during, and after the violations of plaintiffs 4th, 5th, and 14th amendment rights.

57) Punitive and compensetory damages are warranted due to **defendants** conduct with malice, abuse of process, abuse of authority, and 4th, 5th, and 14th amendment violations.

## RELIEF SOUGHT.

58) Plantiff requests an order declaring thet the **defendants** have acted in violation of the laws and rules of the State of New York, and the Constitution of the United States.

59) Plantiff requests compensatory damages in the amount of $ 1,000,000.⁰⁰ (1 million Dollars)

60) Plantiff requests punitive damages in the amount of $ 6,000,000.⁰⁰ (6 million Dollars)

61) Punitive damages requested are for **defendants** deliberate intentional misconduct with malice.

July 4ᵗʰ 2011

signed on this 4th day of July 2011.

plantiff Donnell Baines

I declare under penalty of perjury pursuant to 28 U.S.C. 1746 that the forgoing is true and correct.

respectfully submitted.

date July 4ᵗʰ, 2011

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____ Donnell Baines _____

_____

*(In the space above enter the full name(s) of the plaintiff(s)/petitioner(s).)*

_____ Civ. _____ (___)(___)

- against -

The City of New York; Detective
Michael Turk; An unknown amount
of John Doe officers; assistant
District Attorney Karen Cherrington.

*(In the space above enter the full name(s) of the defendant(s)/respondent(s).)*

**AFFIRMATION OF SERVICE**

I, __Donnell Baines__, declare under penalty of perjury that I have
*(name)* Verified Complaint (1983, U.S.C 42),
Prisoner Authorization form.
served a copy of the attached __Request to Proceed in forma Pauperis__
*(document you are serving)*
United States District Court, Southern District
upon __of New York, Pro Se Department.__ whose address is __500 Pearl Street__
*(name of person served)*
__room 230, New York, N.Y. 10007__
*(where you served document)*
by __United States Postal Service regular mail,__
*(how you served document: For example - personal delivery, mail, overnight express, etc.)*

Dated: __Bronx__, __N.Y.__
*(town/city)*      *(state)*

__July__ __10__, 20__11__
*(month)*   *(day)  (year)*

_____ #349-10-11562
Signature

__15-15 Hazen Street__
Address

__East Elmhurst, N.Y. 11370__
City, State

__11370__
Zip Code

(None)
Telephone Number

*Rev. 05/2010*